IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
At Baltimore

| | |
|---|---|
| INJURED WORKERS' INSURANCE FUND | * |
| Plaintiffs | * |
| v. | *   Civil Action No.: CCB-00-CV-3541 |
| BENJAMIN GRAVETT, et al. | * |
| Defendants | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER OF SETTLEMENT AND DISMISSAL

Pursuant to the terms of the Settlement Agreement between the parties filed herewith, the within matter is hereby DISMISSED WITH PREJUDICE.

Dated: 11/21/01

Catherine C. Blake,
**United States District Court Judge**

_____
Jefferson L. Blomquist, Esq.
Fed. Bar No. 02112
**FUNK & BOLTON, P.A.**
100 Light Street, Suite 1000
Baltimore, Maryland 21202
(410) 659-4970;  Fax (410) 659-7773

Attorney for Plaintiff

_____
James B. Larrimore, Esq.
Fed. Bar No. 05731
**SERIO & HIGDON, P.A.**
1300 York Road, Suite 110
Lutherville, Maryland 21093
(410) 828-1946;  Fax (410) 828-6635

Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| INJURED WORKERS' INSURANCE FUND<br>8722 Loch Raven Boulevard<br>Baltimore, Maryland 21286 | *<br><br>* |
| Plaintiff and Counter-Defendant, | * |
| v. | *    Civil Action CCB 00 CV 3541 |
| BENJAMIN GRAVETT<br>11921 Elk Run Road<br>Catlett, Virginia 20119 | *<br><br>* |
| ANN GRAVETT<br>11921 Elk Run Road<br>Catlett, Virginia 20119 | *<br><br>* |
| MATTHEW GRAVETT<br>11921 Elk Run Road<br>Catlett, Virginia 20119 | *<br><br>* |
| BEN GRAVETT ENTERPRISES<br>11921 Elk Run Road<br>Catlett, Virginia 20119 | *<br><br>* |
| B. G. CRANE SERVICES, INC.<br>11921 Elk Run Road<br>Catlett, Virginia 20119 | *<br><br>* |
| M. F. GRAVETT ERECTION SPECIALISTS, INC.<br>11921 Elk Run Road<br>Catlett, Virginia 20119 | *<br><br>* |
| Defendants and Counter-Plaintiffs. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE ("the Agreement") is made this 8th day of November, 2001 by and between The Injured Workers' Insurance Fund ("IWIF") and Benjamin

Gravett, Ann Gravett, Matthew Gravett, Ben Gravett Enterprises, B.G. Crane Services, Inc. and M.F. Gravett Erection Specialists, Inc. (hereinafter collectively referred to as the "Gravetts").

## EXPLANATORY STATEMENT

WHEREAS, IWIF sued the Gravetts in the above-captioned case seeking the collection of premiums and other damages allegedly owed to IWIF by the Gravetts for workers' compensation coverage provided by IWIF pursuant to Policy Nos. 2109084 and 2843870 (the "Policies") and the Gravetts counterclaimed, seeking the refund of premiums allegedly overpaid under the Policies;

WHEREAS, this Agreement is entered into to resolve the disputed claims of IWIF and the Gravetts as it is the mutual desire of the parties hereto to resolve any and all disputes and claims actually or potentially arising out of the Policies; and

WHEREAS this Agreement is entered into without any admission of liability or wrong doing on the part of the parties and with the mutual understanding and agreement that any actions taken or foregone by the parties pursuant to this Agreement are not in any way to be construed as admissions against either party;

## AGREEMENT

NOW THEREFORE, in consideration of the Explanatory Statement, which is a substantive part hereof and incorporated by reference as if fully set forth herein and the agreements and representations expressed below, the parties hereto agree to the following in full settlement and satisfaction of all claims actually or potentially arising out of the Policies.

1. **Release By The Gravetts.** The Gravetts, for themselves and their heirs, assigns, successors, representatives, employees, agents and attorneys, hereby forever release and discharge IWIF and all of its officials, officers, directors, agents, employees, attorneys, representatives, successors, and assigns of and from any and all manner of actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, covenants, contracts, controversies, agreements, representations, damages, liabilities, judgments, expenses, fees, costs, executions, claims, proceedings, any extra-contractual damages and demands whatsoever, and any act known or unknown, foreseen or unforeseen, in law or in equity, which the Gravetts ever had, now have, or may in the future have against IWIF for, upon or by reason of (1) any claim stated or that could have been stated under or pursuant to the Policies; (2) any claim for and/or right to past, present or future payments or benefits under the Policies; and (3) any past, present or future claim arising out of, connected with, and/or relating to the Policies and/or IWIF's administration of the Policies.

2. **Release By IWIF.** IWIF for itself and all of its officials, officers, directors, agents, employees, attorneys, representatives, successors, and assigns hereby releases and discharges the Gravetts and all of their heirs, assigns, successors, representatives, employees, agents and attorneys, of and from any and all manner of actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, covenants, contracts, controversies, agreements, representations, damages, liabilities, judgments, expenses, fees, costs, executions, claims, proceedings, any extra-contractual damages and demands whatsoever, and any act known or unknown, foreseen or unforeseen, in law or in equity, which

IWIF ever had, now has, or may in the future have against the Gravetts for, upon or by reason of (1) any claim stated or that could have been stated under or pursuant to the Policies; (2) any claim for and/or right to past, present or future payments or benefits under the Policies; and (3) any past, present or future claim arising out of, connected with, and/or relating to the Policies and/or the Gravetts' performance under the Policies.

3.   Payment By The Gravetts.   The Gravetts shall pay IWIF $25,000 immediately upon execution of this Agreement by IWIF. Thereafter, the Gravetts shall pay IWIF another Twenty-Five Thousand Dollars ($25,000) on or before February 8, 2002; and the Gravetts shall pay IWIF another Twenty-Five Thousand Dollars ($25,000) on or before May 8, 2002; and the Gravetts shall make a final payment to IWIF of Sixteen Thousand Dollars ($16,000) on or before August 8, 2002. All payments shall be made to IWIF, c/o Jerry Landsman, Director of Fraud Operations, The Injured Workers' Insurance Fund, 8722 Loch Raven Boulevard, Second Floor, Towson, Maryland 21286 by 4:00 p.m. on or before the date that the payment is due. Upon failure of the Gravetts to deliver timely payment in immediately available funds, the entire outstanding balance shall become immediately due and payable along with an additional Five Thousand Dollar ($5,000) sum (for a total of Ninety-Six Thousand Dollars ($96,000)), and interest on the unpaid balance shall immediately begin to accrue at a rate of ten percent (10%) per annum. All of the foregoing payments shall be secured by the Confessed Judgment Note executed by the Gravetts in favor of IWIF, a copy of which is attached hereto and incorporated herein as Exhibit 1. Upon payment by the Gravetts of the initial $25,000 due upon the execution of this Agreement and upon execution by the Gravetts of the Confessed Judgment Note and delivery to and acceptance by IWIF, the parties shall file a Stipulation of Dismissal with Prejudice, in the above captioned case.

4.   Not Admission.   The parties to this Agreement recognize that any payments, amounts of payments, or agreements made pursuant to this Agreement are not an admission of any liability or responsibility for, or of the correctness of, any of the claims, counterclaims or defenses which were or may have been asserted by the parties, which liability, responsibility and correctness are hereby expressly denied. The material purpose of the sum of money paid hereunder is solely to avoid the expense and time of litigation, and to terminate the parties' dispute amicably.

5.   Attorney's Fees, Costs, and Expenses.   The parties to this Agreement agree that each shall be responsible for their/its own attorney's fees, costs, and expenses. The parties to this Agreement release, remise and forever discharge each other from any and all claims, actions, causes of action, and/or lawsuits for attorney's fees, costs and expenses.

6.   Ownership of Claims.   The Gravetts represent and warrant to IWIF that they are authorized and entitled to sign this Agreement, and that they own and have not sold, pledged, hypothecated, assigned or transferred any of the claims they are releasing herein to any person, and they agree to indemnify, defend, and hold IWIF harmless from any claim that was allegedly sold, pledged, hypothecated, assigned or transferred and to pay IWIF for any attorneys' fees incurred by IWIF in defending any such claims.

7.   Careful Review of Agreement and Understanding of Release.   The parties represent that they have carefully read this Agreement and understand its terms and conditions. The parties

acknowledge that they are and were represented by counsel at all times during the litigation of the underlying suit, as well as during the negotiation and consummation of this Agreement, and have had ample opportunity to consult with legal counsel of their choosing regarding this Agreement, that they have not relied on any representations or statements of the other party or its/their counsel with respect to the subject matter of this Agreement, that they understand that this is a full, complete and final settlement and release and that they are forever relinquishing and releasing any and all claims set forth in Paragraphs 1 and 2 of this Agreement.

8. Tax Consequences. The Gravetts acknowledge that IWIF has not made any representations concerning, nor shall IWIF be responsible in any manner for, any tax consequences to the Gravetts arising out of this Agreement. Any tax liability or tax consequences to any federal, state or local taxing authority resulting from this agreement to the Gravetts shall be the exclusive responsibility of the Gravetts.

9. Severability. If any portion or portions of this Agreement is/are held by a court of competent jurisdiction to conflict with any federal, state or local law, and as a result such portion or portions is/are declared to be invalid and of no force or effect, all remaining portions of this Agreement shall otherwise remain in full force and effect and be construed as if such invalid portion or portions had not been included herein.

10. Governing Law. This Agreement shall be governed and construed by the laws of the State of Maryland. This Agreement shall be enforced only in a court of competent jurisdiction and venue within the State of Maryland.

11. Waiver of Jury Trial. ALL PARTIES TO THIS AGREEMENT HEREBY WAIVE TRIAL BY JURY IN ANY ACTION, PROCEEDING, SUIT, COUNTERCLAIM, CROSS-CLAIM, OR THIRD-PARTY CLAIM BROUGHT BY ANY OF THE PARTIES HERETO ON ANY MATTERS WHATSOEVER ARISING OUT OF OR IN ANY WAY RELATED TO OR CONNECTED WITH THIS AGREEMENT AND THE CONFESSED JUDGMENT NOTE.

12. Binding Effect. This Agreement shall be binding upon and shall inure to the benefit of the parties and their respective heirs, beneficiaries, representatives, successors, and assigns.

13. Amendments. This Agreement and all documents and instruments executed in connection herewith or in furtherance hereof may not be amended, modified or supplemented except by an instrument in writing signed by all parties hereto.

14. Counterparts. This Agreement may be executed in counterparts, each of which shall be an original, but all of which shall constitute one and the same Agreement.

15. Entire Agreement. The parties to this Agreement acknowledge and agree that no statements, representations or promises have been made to or relied upon by any of them or by any person acting for or on their behalf in connection with the subject matter of this Agreement that are not specifically set forth herein. All representations and promises made by any party to another, whether in writing or orally, are understood by the parties to be merged into this Agreement.

IN WITNESS WHEREOF, the parties have executed this Settlement Agreement and Release on the date written below.

_____  
ATTEST

_Ben Gravett Enterprises_ (SEAL)  
BEN GRAVETT ENTERPRISES

By: _____ (SEAL)  
Benjamin Gravett  
Sole Proprietor

Date: 11/7/01

_____  
ATTEST

_BG Crane Services, Inc_ (SEAL)  
B.G. CRANE SERVICES, INC.

By: _____ (SEAL)

Benjamin C Gravett  
[Print Name]

President  
[Print Title]

Date: 11/7/01

_____  
ATTEST

_MF Gravett Erection Spec Inc_ (SEAL)  
M.F. GRAVETT ERECTION SPECIALISTS, INC.

By: _____ (SEAL)

Mathew F Gravett  
[Print Name]

President  
[Print Title]

Date: 11/7/01

[SIGNATURES CONTINUED ON NEXT PAGE]

5

_____    _____(SEAL)
ATTEST                                     BENJAMIN GRAVETT

                                           Date: __11/7/01__

_____    _____(SEAL)
ATTEST                                     ANN GRAVETT

                                           Date: __11/7/01__

_____    _____(SEAL)
ATTEST                                     MATTHEW GRAVETT


                                           THE INJURED WORKERS' INSURANCE FUND

                                           By: _____(SEAL)
                                               Jefferson L. Blomquist

                                           Date: _November 6, 2001_

20040.009:48970.2

6